*131 MEMORANDUM OF DECISION
SUMMARY
The plaintiff, John D. Izbicki, appeals from a June 8, 2009 order of the Director of Regulation (the Director) revoking plaintiffs gaming license following a remand hearing.
The appeal is sustained. The order revoking the plaintiffs gaming license was arbitrary and capricious in that it was not supported by substantial evidence in the record.
BACKGROUND
The plaintiff was an employee of the Mohegan Tribal Gaming Authority (MTGA) where he worked since 1996, originally as a dealer, and then as a floor supervisor at the Mohegan Sun Casino. In June 2008, the plaintiff was growing marijuana plants in his backyard for his personal use. As a result, he was arrested and charged with the possession and cultivation of a controlled substance.
In August 2008, the Superior Court placed the plaintiff into a drug education/rehabilitation program. Following the plaintiffs successful completion of the program, all charges against him were dismissed.
In July 2008, a show cause hearing was held, resulting in the plaintiffs gaming license being revoked based on the plaintiffs possession of illegal drugs, which revocation order plaintiff appealed. Subsequently, on March 11, 2009, this Court reversed and remanded the case, finding that the Notice of the revocation hearing was inadequate and violated plaintiffs due process rights.
On May 26, 2009, the defendant conducted a remand hearing. The remand hearing also resulted in an order revoking plaintiffs gaming license. The plaintiff now appeals to this Court challenging this second revocation order.
STANDARD OF REVIEW
The Standard of Review for this Court in reviewing a decision of the Director is set forth in MTC Section 3-2240 as follows:
(j) The court shall not substitute its judgment for that of the Agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the Agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the Agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; *132 or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
DISCUSSION
The plaintiffs and the defendant’s briefs on this appeal discuss, at length, the issue of whether the defendant’s cultivation and use of marijuana violated the defendant’s drug policy.
It is the defendant’s position that the plaintiff violated the Mohegan Sun Casino’s zero drug tolerance policy as set forth in the Employee Handbook with full knowledge that such violation “could result in disciplinary action up to and including termination.” Employee Handbook Personal Conduct Policy pp. 26-27.
In his brief, the plaintiff counters that the Employee Handbook is not the policy of the Mohegan Sun Casino. Instead, the actual policy of the Mohegan Sun encourages rehabilitation rather than termination of employees. After plaintiffs arrest, which he reported to defendant’s Human Resources Department, plaintiff was referred to the Mohegan Sun’s Employee Assistance Program for counseling services, of which he took advantage and “has fully recovered” from his drug problem. Plaintiffs Supplemental Brief, p. 3.
Assuming arguendo for purposes of this appeal, that the plaintiffs conduct did violate the defendant’s drug policy, it does not automatically follow that the defendant’s revocation of his gaming license must be sustained. Instead, as both plaintiff and defendant recognize, to revoke a gaming license, there must be credible evidence of “activities, criminal conviction, reputation, habits and/or associations that pose a threat to the effective regulation of gaming, or create or enhance the chances of unfair or illegal practices, methods, or activities in the conduct of the gaming activities.” June 8, 2009 Decision, para. 6 Conclusions of Law; see also, Davidson v. Director of Regulation, 3 G.D.R. 2 (2005).
Yet nowhere in the defendant’s recent decision is there any evidence of how the plaintiffs prior activity of growing and using marijuana either posed a threat to the effective regulation of the Tribe’s gaming enterprise, or enhanced the chances of illegal/unfair practices in gaming. Rather, the decision is based on the premise that because the plaintiff grew/used marijuana, ipso facto, the integrity of the gaming enterprise was jeopardized.
Unfortunately, absent some evidence linking the plaintiffs personal use of marijuana to the integrity of the Mohegan Gaming Enterprise, the defendant’s decision cannot be sustained. At best, that link is precisely what the defendant said in its prior decision ... “it is plausible that he [the plaintiff] could sell the marijuana to the public through his contact with them in the casino.” Decision, p. 5, September 5, 2008.
The legal standard, however, which the defendant recognizes it must apply is the “preponderance of the evidence standard of proof.” Decision, p. 8, para. 8, June 8, 2009. This standard requires proof that an event is more likely to happen than not—a far cry from an event being plausible or possible. Indeed, even the lesser probable cause standard of proof requires more than “mere suspicion ... [Pjroof of probable cause requires less than proof by a preponderance of the evidence ...” but it is not enough “merely to suspect or conjecture.” State v. Johnson, 286 Conn. 427, 435, 944 A.2d 297 (2008). Here, the record is devoid of any evidence or even an explanation supporting the defendant’s conclusion that plaintiffs conduct posed a threat to the Tribe’s gaming enterprise.
*133 This is not to say that if the plaintiff had been using marijuana on the Casino grounds or encouraging Casino employees or patrons to do so, or, indeed, had been dealing in a controlled substance, the defendant could not conclude, without more, that such activity posed a threat to the integrity of its gaming enterprise. But that is not the case here where there is no evidence the plaintiff used marijuana at the Casino or for other than personal reasons; all criminal charges against him in this regard were dismissed; he has been through a drug rehabilitation program and counseling provided by the Tribe; and he has recovered from his prior use of a controlled substance.
Accordingly, the defendant’s finding that plaintiffs conduct posed a threat to the effective regulation of gaming or enhanced the chances of unfair/illegal gaming practices is not supported by substantial evidence in the record and is, therefore, arbitrary and capricious. The decision is reversed, and the plaintiffs appeal sustained.